UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DALJIT S. JANDU,

           Plaintiff,        CIV. S-04-1889-DFL PAN PS

     v.

U.S.A., and MIDDLE TENNESSEE          ORDER
STATE UNIVERSITY,

           Defendants.

—oOo—

On April 14, 2005, after careful review of Mr. Jandu's previously filed documents,[1] I directed him to "lodge a proper

---

[1] As set forth in my order filed April 14, 2005:

In December 2001, Daljit Jandu filed a complaint in the United States District Court for the Central District of California complaining of discrimination by the United States and Middle Tennessee State University. That action was dismissed without prejudice on December 17, 2001. On September 7, 2004, Jandu wrote to the clerk of this court providing a record of those proceedings, referencing Catholic Social Services v. USCIS, No. Civ. 86-1343 LKK, stating that he "deserves a consistent judgment" and requesting the court "provide the settlement as

complaint or file a proper petition to intervene in an existing case."

On April 27, Mr. Jandu filed (1) a letter with a complaint "heading" claiming he was improperly denied U.S. citizenship and that Middle Tennessee State University, his prior employer and temporary visa sponsor, should "pay the damages;" and (2) a document (filed under seal without prior authorization of this court as required by E. D. Cal. L. R. 39-138(b)), consisting of (a) Mr. Jandu's visa petition approved April 20, 1991, (b) a February 23, 1995, Notice of Automatic Revocation of Mr. Jandu's visa petition from the U.S. Department of Justice based on withdrawal of sponsorship by Middle Tennessee State University, (c) a November 7, 1990, memorandum concerning Mr. Jandu's scholarly work, (d) a November 6, 2001, letter from an attorney with the U.S. Department of Justice, Civil Rights Division, Special Counsel for Immigration Related Unfair Employment Practices, stating lack of jurisdiction over Mr. Jandu's discrimination charge against Middle Tennessee State University, and (e) a July 14, 1995, letter and file from the U.S. Department of Justice, Immigration and Naturalization

---

presented in the attached documents." On September 10, the clerk of court treated Jandu's letter as a complaint (after receiving the $150 filing fee on September 9, 2004), and served a standing order requiring timely service of process and a joint status report. On October 8, 2004, Jandu filed a document explaining he sought permanent residency and United States citizenship and damages from Middle Tennessee State University and inviting the court's reference to "ASCUS v. CSS settlement." On February 22, 2005, Jandu lodged a copy of the U.S. Bureau of Citizenship and Immigration Services' February 10, 2005, acknowledgment of Nandu's application for status as a temporary resident.

Service ordering denial of Mr. Jandu's application for status as a permanent resident.

These documents, like those previously filed, do not constitute a proper complaint. As a civil action cannot be commenced without a proper complaint, Fed. R. Civ. P. 3, the Clerk of Court is directed to close the file and return to Mr. Jandu his filing fee of $150.00.

So ordered.

Dated: May 18, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge